[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15034
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20248-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD VAN PATTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2018)

Before WILLIAM PRYOR, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Richard Van Patten appeals his sentence of 36 months of imprisonment following his pleas of guilty to one count of conveying false information to perpetuate a hoax, 18 U.S.C. § 1038(a)(1)(A), (c), and to two counts of impersonating a federal officer, *id.* § 912. Van Patten argues that his sentence is procedurally and substantively unreasonable. We affirm.

The district court committed no procedural error when sentencing Van Patten. The district court considered the arguments of the parties, Van Patten's evidence regarding his physical and mental disorders, and the statutory sentencing factors, 18 U.S.C. § 3553(a). Van Patten argues that the district court failed to explain why it varied upward from the guideline range, but the district court stated that the nature of Van Patten's crimes and his "criminal history category[, which] understate[d] the true seriousness of his criminal history" warranted an above-guidelines sentence. The district court also reasonably rejected Van Patten's argument for a minimal sentence to pursue treatment for his mental health on the grounds that he had failed to continue treatment despite having earlier sentences probated for that purpose and that "his conduct over the past . . . 36 years" revealed that treatment would not improve his behavior.

Van Patten's sentence is substantively reasonable. Van Patten impersonated an agent of the Federal Bureau of Investigation in telephone calls and emails to aid his girlfriend in her divorce and custody proceedings, he obtained fraudulent

credentials for the Bureau, the Federal Aviation Administration, and the Army, and he used letterhead of the Department of Justice, the Bureau, the Central Intelligence Agency, and the law firm representing his girlfriend. Van Patten also telephoned a hotel and falsely reported that his brother had a bomb that he planned to detonate at an airport. And Van Patten's presentence investigation report stated that he had charges pending in Minnesota for making terroristic threats and a false bomb threat. Van Patten's criminal history began in 1981 and consisted of 20 convictions that included making terroristic threats, mail and identity theft, controlled substance offenses, theft of property, and forgery. With a total offense level of 11 and a criminal history of V, Van Patten faced an advisory guideline range of 24 to 30 months. We cannot say that the district court committed a clear error of judgment when it determined that a sentence to a term 6 months above the high end of Van Patten's sentencing range was required to address the nature of his offense, his criminal history, and his recidivism. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). That Van Patten's sentence is far below his maximum statutory punishment of 11 years also suggests that his sentence is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). The decision to vary upward was not an abuse of discretion.

We **AFFIRM** Van Patten's sentence.

3